**Welly TENGKER; Yulienny Verneita
Raranta, Petitioners,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 04–70174.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Welly Tengker, San Bernardino, CA, pro se.

Yulienny Verneita Aranta, San Bernardino, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Welly Tengker and Yulienny Verneita Raranta, husband and wife and natives and citizens of Indonesia, petition pro se for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

■ We lack jurisdiction to review the discretionary decision that the asylum applications were untimely. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002) (citing 8 U.S.C. § 1158(a)(3)).

■ We have jurisdiction under 8 U.S.C. § 1252, to review the denial of petitioners' remaining claims. Substantial evidence supports the IJ's finding that petitioners failed to demonstrate that it is more likely than not that they would suffer persecution based on their ethnic-Chinese and Christian background if returned to Indonesia, as required to qualify for withholding of removal. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Petitioners experienced isolated incidents of discrimination and harassment

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in Indonesia, and have family members who continue to live there without incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (observing that applicant's claim of persecution upon return is undermined when similarly-situated family members continue to live in native country without incident); *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (distinguishing persecution from mere discrimination or harassment).

In addition, petitioners are not entitled to CAT relief because they failed to demonstrate that it is more likely than not that they would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**